PUBLIX CARS, INC., APPELLANT, V. YELLOW CAB & BAGGAGE
COMPANY ET AL., APPELLEES.

FILED FEBRUARY 14, 1936. No. 29432.

*Johnsen, Gross & Crawford,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda,* for Yellow Cab &
Baggage Co., appellee.

*Brome & Thomas,* for Peoples Cab, Inc., appellee.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and
CARTER, JJ., and CHASE, District Judge.

CARTER, J.

This is an appeal from an order of the railway commission dismissing, without prejudice, a complaint filed by
Publix Cars, Inc., against the Yellow Cab & Baggage Company and the Peoples Cab, Inc., without a hearing on the
merits of the complaint.

It appears from the record that on July 5, 1934, Publix
Cars, Inc., filed a complaint against the appellees herein
alleging that each of them holds certificates of convenience
and necessity for the operation of taxicabs in the city of
Omaha that are not in fact being operated. The complaint
further alleges that the Yellow Cab & Baggage Company
has for 18 months been allowed to retain certificates of convenience and necessity for 10 taxicabs for which it has not
qualified any insurance coverage and under which it has,
during such period, operated no taxicabs. The complaint
further states that the railway commission has determined
that 134 taxicabs are sufficient to meet the public demand
for taxicab service in the city of Omaha. Appellant prays.

for a revocation of the certificates of convenience and necessity for 10 taxicabs held by the Yellow Cab & Baggage Company, and for the revocation of the certificates for 2 taxicabs held by the Peoples Cab, Inc. Appellant also prays for an order reallocating the certificates in question to it in order that it may meet the demands for service made upon it by the public.

The Yellow Cab & Baggage Company and the Peoples Cab, Inc., filed motions to dismiss the complaint, which were sustained by the railway commission without a hearing on the merits.

The record shows that, at the time the complaint herein was filed with the railway commission, the appellant was prosecuting an appeal to this court to reverse an order of the commission denying it certificates of convenience and necessity for additional taxicabs. This is set out as a ground for the dismissal of the complaint because it is claimed that the appeal from a previous order of the commission suspended the right of the commission to reallocate the certificates by virtue of section 75-508, Comp. St. 1929. This can have no application to the charge that the Yellow Cab & Baggage Company and the Peoples Cab, Inc., are holding certificates unlawfully. The revocation of certificates of convenience and necessity for nonuser is in no way dependent upon the outcome of the appeal in the case mentioned. It appears from the complaint that the commission had determined that 134 taxicabs were sufficient to satisfy the needs of the taxicab public in Omaha, and certificates of necessity and convenience were issued for 134 taxicabs. It will be noted therefore that, according to the findings of the railway commission, any number less than 134 taxicabs could not provide the service demanded by the taxicab-hiring public in Omaha. To permit the Yellow Cab & Baggage Company, under these circumstances, to hold certificates on cabs that were not in operation would be unreasonable and arbitrary. Such was the holding in *Publix Cars, Inc., v. Yellow Cab & Baggage Co., ante,* p. 401. The complaint states facts which, if supported by sufficient

evidence, would require the entry of an order by the commission revoking the certificates of convenience and necessity for the taxicabs not in use.

Our statutes provide for the filing of a complaint, a hearing and an order in matters of this kind. A hearing on the merits is required when there appears to be a reasonable ground for investigation. Comp. St. 1929, sec. 75-506. To say that there does not appear to be a reasonable ground for investigation of the complaint cannot be justified. It was not so considered by the commission itself in its findings. In its opinion, the commission says: "In consideration of the evidence received in the hearing on application No. 10837, the commission took into consideration the fact that the Yellow Cab & Baggage Co. was operating only 78 taxicabs, although holding certificates for operation of 88; and that the Peoples Cab, Inc., was operating only 14 taxicabs, although holding certificates for operation of 16 taxicabs, when it decided that public convenience and necessity did not warrant any additional certificated operations." With this information, the railway commission is not in a position to say that reasonable grounds for investigation did not exist. An inquiry and hearing into the matters complained of, as required by the statute, contemplate a hearing on evidence and an order based thereon. The commission is required to act justly and reasonably and not to defeat the purpose of the statute by its own arbitrary action. We are of the opinion that the complaint filed in the case at bar states facts which, if proved, require the affirmative action of the commission, and its dismissal of the complaint amounts to arbitrary action on its part.

The order of the commission dismissing appellant's complaint cannot therefore be sustained, which fact imposes upon the commission the necessity of taking such further action as may be required by the facts presented.

JUDGMENT ACCORDINGLY.